**CRAFT, Petitioner, v. ALVIS, Warden, Respondent.**

Ohio Appeals, Second District, Franklin County.

No. 5022.   Decided February 8, 1954.

Jesse G. Dickinson, Edmund B. Paxton, Columbus, for petitioner.

Hon. C. William O'Neill, Atty. Genl., Thomas R. Lloyd, Asst. Atty. Genl., Columbus, for respondent.

## OPINION

By THE COURT.

This is an action in habeas corpus wherein the petitioner is seeking his release from the Ohio Penitentiary for the alleged reason that he was never charged with the offense to which he entered a plea of guilty.  The indictment reads in part as follows:

"that Percy Craft * * *, did unlawfully, purposely and while in the perpetration of a robbery, kill * * *."

To this charge a plea of guilty of murder in the second degree was entered and sentence pronounced.  The question therefore presented is whether a person charged with murder in the first degree committed while in the perpetration of a robbery may be found guilty of murder in the second degree.  It will be noted that the indictment does not charge a malicious killing, which is one of the necessary requirements as defined by §12403 GC, to wit:

"Whoever, purposely and maliciously kills another, except in the manner described in the next three preceding sections is guilty of murder in the second degree and shall be imprisoned in the penitentiary during life."

In the case of **Lindsey v. State, 69 Oh St 233,** the Court held that when an intentional killing is proved malice may be presumed.  The indictment here charges that the killing was "purposely," which means intentionally, and it was therefore not necessary to charge that it was malicious.  Judge Spear in the cited case says at page 232:

"Now, when it is remembered that the rule in Ohio, is and from the earliest time, as shown by the holdings in **The State v. Turner, Wright, 20,** and **The State v. Town,** same vol., **75,** down to **Davis v. The State,**

**25 Oh St 369** has been that 'where the fact of killing is proven, malice is presumed,' and **Weaver v. The State, 24 Oh St 584,** that 'the shooting with intent to kill being established, the law implies malice; and the malice thus implied can only be rebutted by showing circumstances of justification or excuse,' it would seem that the absence of the word malice from the indictment ought not to render it insufficient as to a charge of murder in the second degree. What necessity, we ask, can there be of incorporating a specific word in an indictment when the full meaning and purpose of such word is conclusively to be inferred from the words which are therein used?"

Similar pronouncements were made in the case of **State v. Childers, 133 Oh St 508,** and by this Court in **State v. Stallings, 82 Oh Ap 337.** See also, **21 O. Jur. pp. 39, 60.**

The application will be denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

No. 5022. Decided February 19, 1954.

**OPINION**

By THE COURT.

This is an application for a rehearing wherein it is urged that one charged with murder in the first degree, committed while in the perpetration of a robbery, may not plead guilty to murder in the second degree; that if this petitioner purposely and maliciously killed another while in the perpetration of a robbery, then under the statute he would be guilty of murder in the first degree and of no less offense. The question here raised has recently been passed upon in the case of **State v. Muskus, 158 Oh St 276,** the first paragraph of the syllabus of which provides:

"Murder in the first degree in the perpetration of a robbery may include the lesser offenses of murder in the second degree and manslaughter, and where, in the trial of a defendant for murder in the first degree in the perpetration of a robbery, there is substantial evidence tending to support a charge of murder in the second degree or manslaughter, the court should charge the jury on murder in the first degree and on the included lesser offenses. (**Bandy v. State, 102 Oh St 384,** approved and followed.)"

Further citations should not be necessary.

The application will be denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.